UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DEANNA STAHL, | ) | |
|         Plaintiff, | ) | Case No. 2:15-cv-01681-RFB-GWF |
| vs. | ) | **ORDER** |
| TARGET CORPORATION, | ) | |
|         Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion for Leave to File Documents Under Seal (ECF No. 25), filed on October 19, 2016.

There is generally "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Where a petitioner seeks to seal documents or exhibits that are dispositive in nature, the petitioner must meet the higher standard of showing "compelling reasons" for the documents to be sealed. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 n. 4 (9th Cir.2009); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). The Court applies the higher "compelling reasons" standard to dispositive motions, rather than the "good cause" standard, because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." *Dish Network L.L. C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *6 (S.D.Cal. July 23,2009) (citing *Kamakana*, 447 F.3d at 1179).

To meet the compelling reasons standard, the moving party "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Dish Network*

*L.L.C.,* 2009 WL 2224596 at *7 (citing *Pintos*, 565 F.3d at 1116); *see also Kamakana*, 447 F.3d at 1179–80. "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Id.* "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*

The Court finds that Plaintiff has not met her burden here. Plaintiff seeks to file Exhibit 2 to her opposition to Defendant's motion for summary judgment under seal pursuant to the stipulated protective order entered between the parties. *See* ECF No. 12. Plaintiff represents that Exhibit 2 contains "documents pertaining to Defendant's internal policies and procedures that arguably fell under the parties' stipulated protective order." *Motion for Leave* (ECF No. 25), 3:24–26. However, this bare bones explanation as to why Exhibit 2 is confidential does not justify an order from the Court sealing Exhibit 2 to Plaintiff's opposition to Defendant's motion for summary judgment.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Documents Under Seal (ECF No. 25) is **denied without prejudice**. Plaintiff may file a revised motion that provides the Court with sufficient "compelling reasons" to justify her request.

DATED this 24th day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge